Theodore VARADY, Plaintiff,

v.

D & D CATERING SERVICE, INC., et al., Defendants.

Civ. A. No. 76–1697.

United States District Court, E. D. Louisiana.

May 8, 1978.

Robert N. Clarke, Westwego, La., for plaintiff.

Wood Brown, III, New Orleans, La., for defendants.

## MOTION TO COMPEL PAYMENT OF MAINTENANCE

CASSIBRY, District Judge:

Proceeding by motion for partial summary judgment, the plaintiff Theodore Varady seeks resumption of payment of maintenance by his employer D & D Catering Service, Inc., damages and attorney's fees as penalties for discontinuance of maintenance payments. A hearing was held during which evidence was adduced as to the present condition of the plaintiff and the circumstances under which the defendant discontinued maintenance payments to him.

This matter was previously before the Court in November 1976. At that time the plaintiff related that he had suffered an eruption of his hands while serving aboard the vessel of defendant Fluor Drilling Services, Inc., as a cook employed by defendant D & D Caterers, Inc. A dishwasher broke down and the plaintiff had washed dishes by hand in hot water and detergent. The condition was a continuing one which prevented him from being able to serve as a cook. After that hearing the defendant voluntarily paid maintenance through August 10, 1977.

At the present hearing it was proved that the payment of maintenance was terminated because the treating physician, Dr. Phil-lip R. Loria, had released the plaintiff to return to work as of August 6, 1977. The plaintiff resumed his occupation as a cook for another employer and successfully completed at least two 45-day employment periods before he left the ship in January 1978. In December 1977 he had a mild eruption in the webs of his fingers for which he consulted Dr. Lorio. On January 16, 1978 plaintiff consulted Dr. James Burks, a physician who had treated him early in the onset of the dermatitis, for recurrence of the eruption. Dr. Burks treated the plaintiff with preparations to be applied locally, and on the day of hearing the plaintiff's hands were clear, but Dr. Burks had advised him not to return to work as a cook, because the work would precipitate a recurrence.

Dr. Lorio and Dr. Burks testified at the hearing and they are in agreement that the plaintiff suffers from a contact dermatitis, commonly referred to as "dishpan hands" because the principal offending agent is detergent in water. They are also in agreement that he must avoid dishwashing. Dr. Lorio's diagnosis also includes hydrosis, a malfunction of the sweat glands, a atopic dermatitis—dermatitis triggered by emotional causes.

The doctors are in disagreement about the advisability of plaintiff's returning to work as a cook. Dr. Lorio considers that he can work as a cook if he will avoid dishwashing and wear gloves when he has to put his hands in water. Dr. Burks is of the firm opinion that plaintiff should not work as a cook, and that the use of gloves will not make such work possible. He considers that the plaintiff has developed such a sensitivity in the skin of his hands that even normal living contacts can bring on a flareup of the dermatitis—such things as raw vegetables, cologne, hair cream. He recalled an aggravation caused by plaintiff's use of an offending hair tonic.

Dr. Burks' medical record showed that the plaintiff has had numerous flareups and remissions. The remissions occur after treatment and when the plaintiff follows instructions to keep his hands out of water.

**184**

Most of the relapses occur when he violates the instructions. Dr. Burks is of the opinion that a remission can be maintained with the continued use of preparations to be used locally and the cooperation of the plaintiff in following instructions, and that his skin will be more likely to return to its normal state the longer he remains in remission. If the cooperation of the plaintiff could be gained for six months and he stayed in remission for that period, Dr. Burks feels that maximum recovery for the plaintiff would be reached. Under the circumstances of plaintiff having not followed his instructions, Dr. Burks could not say that because he continues to have flareups his condition is permanent.

Dr. Lorio believed that the plaintiff had reached a point of maximum recovery when he permitted the plaintiff to return to work in August 1977. The plaintiff admitted to him in December 1977 that the eruption had recurred because he had had contact with detergents. Dr. Lorio regards emotional problems of the plaintiff as a contributing · factor in his failure to follow instructions forbidding the use of water and detergents.

■ Under the circumstances outlined above, the defendant was justified in terminating the maintenance payments in August when Dr. Lorio reported him fit to return to work. This was not, as plaintiff contends, a situation for the continuance of maintenance because economic necessity forced a seaman to take employment when his treatment was continuing. The physician in effect discharged the plaintiff from treatment as fit for his former duty.

■ I cannot agree, however, with defendant's contention that it is justified in continuing to withhold maintenance payments even though a relapse has occurred. The defendant contends first that the plaintiff is not entitled to further maintenance because he has reached maximum cure. It argues that once the plaintiff was clear of the eruption and his condition had stabilized so that his avoidance of water and detergent would maintain the remission, the plaintiff had reached the maximum cure that the law contemplates. Moreover, it urges, maximum cure was reached even within the opinion of Dr. Burks because the evidence shows a six-month remission occurred after March 1977. I accept the opinion of Dr. Burks that the plaintiff will reach maximum recovery when he has maintained a period of remission for as long as six months, but I do not find that the evidence shows any such six-month period. A relapse occurred when plaintiff followed Dr. Lorio's advice to return to work. He cannot be penalized for following that advice.

■ The defendant contends second that the condition of plaintiff is not one that fits into the theory of maintenance payments for a seaman who is unable to work because of a shipboard accident or illness. It stresses the fact that plaintiff's hands cleared after the eruption and would have remained clear if he had followed his doctor's orders. I would agree that plaintiff's condition is not the usual illness or disease in a maintenance case, but the fact that plaintiff has intervals of remission and relapse does not negate the fact that he has a continuing condition which he contracted in the ship's service that prevents his resuming his work as a cook.

■ The defendant's third contention is that further maintenance should be denied the plaintiff because the continuing flareups have been caused by his violation of his doctor's orders. This argument is based completely on Dr. Burks' recommendations and ignores the recommendation of Dr. Lorio to the plaintiff that he could return to work as a cook. I recognize the difficulty inherent in a situation where a seaman is allowed to return to work as a cook in the maritime industry with an admonishment to keep his hands out of water and detergent. I do not find that the plaintiff has deliberately violated a physician's order, but I do recognize the merit in defendant's argument that it is within plaintiff's ability to cause a relapse and interfere with the return of his skin to its normal state by his own decision to violate his doctor's instructions not to put his hands in dishwater.

This circumstance is taken into account in granting relief in this case.

Under all the circumstances of this case it appears reasonable that the defendant should pay maintenance to the plaintiff from January 15, 1978 to the end of a six-month period commencing on March 15, 1978 at which time his hands were clear of any eruption. Accordingly,

IT IS ORDERED that the defendant shall pay maintenance to the plaintiff at the rate of $8.00 per day from January 15, 1978 through September 14, 1978.